IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02261-WYD-MJW

JERRY V. RIGGINS,

Plaintiff,

v.

CITY OF LOUISVILLE,
LOUISVILLE POLICE DEPARTMENT,
BRUCE GOODMAN,
JULIE BOYD, and
WILLIAM A. SIMMONS,

Defendants.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER PURSUANT TO
FED.R.CIV.P. 26(c) REGARDING POTENTIALLY INADVERTENTLY
DISCLOSED DOCUMENTS**
(DN 76)

This matter is before the Court on Defendants City of Louisville, Louisville Police Department, Bruce Goodman, Julie Boyd, and William A. Simmons' Motion for Protective Order pursuant to FED.R.CIV.P. 26(c) regarding potentially inadvertently disclosed documents. The Court has reviewed the Motion, Response, and Reply. The Court now being fully informed makes the following ruling.

Defendants' Motion is GRANTED. At issue is Defendants' potential inadvertent disclosure of a document (or documents) protected by the attorney-client privilege, and the potential waiver of the privilege for those documents.

The attorney-client privilege applies to communications between a client and an attorney

made in confidence. *In re Qwest Communications Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006). The attorney-client privilege can, however, be waived by the client. *See United States v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989). However, not all disclosures of privileged information constitute a waiver of the privilege. An involuntary disclosure of privileged information does not constitute a waiver of the privilege, and along this reasoning, an inadvertent disclosure of protected information may not amount to a waiver. *See Wallace v. Beech Aircraft* Corp., 179 F.R.D. 313, 314 (D. Kan. 1998); *Floyd v. Coors Brewing Co.*, 952 P.2d 797, 808-09 (Colo. App. 1997), *rev'd on other grounds*, 978 P.2d 663 (Colo. 1999).

Whether an inadvertent disclosure of privileged information amounts to a waiver of the privilege depends on the consideration of several factors. *Wallace v. Beech Aircraft* Corp., 179 F.R.D. at 314; *Floyd v. Coors Brewing Co.*, 952 P.2d at 808-09. It is an "ad hoc" approach designed "to determine whether the disclosure resulted from excusable inadvertence or some chargeable negligence or other fault." *Id.* Those factors are as follows:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of disclosure; and (5) the overriding issue of fairness.

*Wallace v. Beech Aircraft* Corp., 179 F.R.D. at 314; *see also Floyd v. Coors Brewing Co.*, 952 P.2d at 809 (identifying same factors for consideration of waiver).

In addition to case law, the Colorado Ethics Opinion 108 addresses this situation. Opinion 108 provides that Colorado Rules of Professional Conduct Rule. 8.4(d) requires a lawyer to respect the privileged and confidential status of documents. The lawyer receiving documents that on their

2

face appear to be privileged or confidential has an ethical duty to notify the sending lawyer that he has the documents. Further, if the receiving lawyer knows that the disclosure was inadvertent, "the receiving lawyer must not examine the documents and must abide by the sending lawyer's instructions as to their disposition." Colorado Bar Association Ethics Committee Formal Opinion 108.

Here, Counsel for Defendants has not waived the attorney-client privilege. Upon receiving the inadvertent disclosure, Plaintiff's counsel, pursuant to Ethics Rule 108, should not have examined the privileged document (or documents) and should have abided by Defendants' counsel's instructions. Plaintiff's counsel not only reviewed the privileged document, but he used the document to oppose summary judgment. Moreover, Plaintiff's counsel has not destroyed the document and any other privileged information and Plaintiff's counsel claims that Defendants have waived the privilege despite the fact he has been informed that there was no waiver. Further, as shown, application of the "ad hoc" factors under *Wallace v. Beech Aircraft Corporation* demonstrates that the attorney-client privilege has not been waived in this case.

**Factor 1: The reasonableness of the precautions taken to prevent inadvertent disclosure.** Defendants provided documents to their counsel related to this lawsuit. Neither Defendants nor their counsel intended to produce documents protected by the attorney-client privilege. Counsel for Defendants reviewed the documents provided by Defendants for privilege and removed the documents that were privileged. However, likely through an administrative mistake, it appears a CD containing all the documents provided by Defendants to the undersigned may have been sent to Plaintiff. Nonetheless, counsel for Defendants, and not Defendants

3

themselves, produced the privileged document(s). This disclosure was inadvertent and not intended. *See Briggs & Stratton Corp. v. Concrete Sales & Services*, 176 F.R.D. 695, 699 (D. Ga. 1997) (Applying ad hoc factors, the court held two reviews of the documents for privileged was sufficient.).

**Factor 2: The time taken to rectify the error.** Counsel for Defendants first learned of the inadvertent disclosure of one document when Plaintiff filed his response to the Motion for Summary Judgment on May 7, 2007 and attached that privileged document. Because the case was under a stay pending resolution of the Motion for Summary Judgment, and because the document was put into the public domain, Counsel for Defendants did not seek to retrieve the document at that time. This matter has been under a stay since May 7, 2007. Counsel for Defendants notified Plaintiff's counsel on April 4, 2008 of the possibility that other privileged documents may have been inadvertently disclosed despite the existence of the stay in the hopes that the issue could be resolved without the Court's intervention after the stay is lifted.

**Factor 3: The scope of discovery.** At least one document was inadvertently disclosed. Plaintiff attached to his response to the Motion for Summary Judgment an email from Defendants' attorney. *See* Exhibit 10 to Plaintiff's Response to Summary Judgment (May 7, 2007). In the email, Sam Light[1] writes to Julie Boyd and Bruce Goodman. Mr. Light references a redline document. This document was not attached to Exhibit 10. The total number of documents in this case is 644. Thus, one disclosure in 644 documents demonstrates that the disclosure was truly inadvertent and that Defendants did not intend to waive the attorney-client privilege. *See Briggs & Stratton Corp.*

---

[1] Plaintiff cannot dispute that he knew Samuel Light is the City of Louisville's attorney.

*v. Concrete Sales & Services*, 176 F.R.D. at 699 (Counsel did not waive attorney-client privilege where 112 documents were inadvertently disclosed out of a total of 2600 disclosed). Even if all the documents on the privilege log were inadvertently disclosed, there were only 23 pages in 644 that were inadvertently disclosed. **Exhibit C**. This still should not give rise to a waiver. *Id.*

**Factor 4: The extent of disclosure.** The one document known to have been inadvertently produced consists of the City's Counsel's remarks about Defendants' reasons for terminating Plaintiff and the termination letter. This document is a one paragraph email. It does not create such a lack of confidentiality that no meaningful confidentiality can be restored, as the attachment to the letter was not included. To the extent any or all of the other documents in the privilege log were included, meaningful confidentiality would still be restored, as the documents contained very little of the substance of the advice given. However, if the documents are allowed into evidence directly or indirectly, it would put Defendants in the position of potentially having to explain the advice and role of counsel when the advice of counsel defense has not been raised, and which Plaintiff agrees has not been asserted.

**Factor 5: The overriding issue of fairness.** Defendants are not asserting an advice of counsel defense in this case. Thus, the communications between Defendants and their counsel are not relevant to this dispute. It does not matter what advice Defendants' attorneys gave them. Rather, in deciding the merits of the dispute, Defendants' conduct and knowledge alone is relevant. This court agrees that it would be unfair to Defendants that a disclosure of one document in 644 would amount to a waiver of the attorney-client privilege, and inject attorney advice into the case when Plaintiff agrees that such a defense is not at issue. Defendants did not intend to waive the

5

privilege and have not voluntarily done so. Defendants do not intend to use this privileged information at trial, and will not bring up counsel's involvement. Defendants should not be penalized for their counsel's inadvertent disclosure. Further, Plaintiff has not used any other privileged documents (to the extent he has them) in the matter, and has not relied on the contents of any such documents to date.

After analyzing these five factors, the Court agrees with Defendants and holds that the balance weighs in their favor. That Counsel for Defendants inadvertently disclosed privileged documents does not amount to a waiver of the attorney-client privilege. Plaintiff's counsel is ordered to return all documents on Defendants' privilege log to Defendants' counsel. Plaintiff may not use these privileged documents in any manner in this litigation.

Dated this 28th Day of May, 2008.

**BY THE COURT:**

s/Michael J. Watanabe

MICHAEL J. WATANABE
U.S. Magistrate Judge