IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02261-WYD-MJW

JERRY V. RIGGINS,

    Plaintiff,

v.

CITY OF LOUISVILLE,
LOUISVILLE POLICE DEPARTMENT,
BRUCE GOODMAN,
JULIE BOYD, and
WILLIAM A. SIMMONS,

    Defendants.

## ORDER

THIS MATTER came before the Court on a hearing on August 29, 2008, on Plaintiff's FED. R. CIV. P. 72 Objections to Magistrate Judge's May 28, 2008 Order Granting Defendants' Motion for Protective Order. At the hearing, I addressed whether the Court has jurisdiction over Defendants' Motion for Protective Order and Plaintiff's Objections to the Order granting the motion due to the interlocutory appeal pending in this matter.

That appeal relates to my Order of January 25, 2008, denying Defendants' Motion for Summary Judgment which sought qualified immunity on the procedural due process claim. I also denied Plaintiff's Cross Motion for Partial Summary Judgment on that claim. Defendants filed a Notice of Appeal on February 7, 2008, and the interlocutory appeal is still pending in the Tenth Circuit.

Defendants filed their Motion for Protective Order on May 13, 2008. That motion sought to protect documents that Defendants claimed were protected by the attorney-client privilege and which they claimed were inadvertently disclosed to Plaintiff. One of those documents, however, was attached by Plaintiff to its response to Defendants' summary judgment motion on qualified immunity which is currently at issue in the appeal. On May 28, 2008, Magistrate Judge Watanabe granted Defendants' Motion for Protective Order. The Order did not discuss the impact of the interlocutory appeal and whether the Court had jurisdiction to act on Defendants' motion during that appeal.[1]

Instead, Magistrate Judge Watanabe's Order found on the merits that Defendants' disclosure of the documents at issue to Plaintiff was inadvertent and that Defendants had not waived the attorney-client privilege. Plaintiff's counsel was ordered to return all documents on Defendants' privilege log to Defendants' counsel. Further, the Order stated that Plaintiff may not use these privileged documents in any manner in this litigation. Again, there was no reference to the fact that at least one of these documents was at issue in the appeal. Magistrate Judge Watanabe also denied a motion filed by Plaintiff which sought to stay the May 28, 2008 Order pending a ruling on Plaintiff's objections.

Turning to my analysis, the Tenth Circuit holds that the "filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

[1] The parties also did not address that issue in their briefing on the Motion for Protective Order.

involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). Any subsequent action by the district court once it is divested of jurisdiction is null and void. *Id*. "The district court only retains jurisdiction over tangential matters such as determining 'the propriety and amount of attorney's fees,' . . . and performing 'certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal.'" *Id*. at 575 n. 3 (quotation omitted).

The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one. *Id*. An interlocutory appeal disrupts ongoing proceedings in the district court. When the interlocutory appeal is from the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial. *Id*. "[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed with matters not involved in that appeal." *Id*. In such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have defend the prosecution or action at trial. *Id*.; *see also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) (an interlocutory appeal refusing to dismiss on qualified immunity grounds divests the district court "from granting further relief concerning the issues on appeal", even where the relief granted favored the appealing party).

In the case at hand, I find that the interlocutory appeal divested this Court of jurisdiction to rule on Defendants' Motion for Protective Order. I do not believe that the motion related to a tangential or ministerial function. Instead, one of the documents at issue in the motion directly concerned the issues on appeal since it was relied on by Plaintiff to defend the Defendants' summary judgment motion that is pending on appeal. Further, the Tenth Circuit has indicated that the court is divested of jurisdiction over discovery or non-dispositive motions while the case is on appeal. See *Stewart*, 915 F.2d at 576 (divestiture of jurisdiction includes discovery which should not be allowed during the interlocutory appeal); *Hardin v. First Cash Financial Servs.,* Inc., 465 F.3d 470, 474 n. 2 (10th Cir. 2006) (rejecting the argument that courts are divested only of dispositive matters while they retain jurisdiction over non-dispositive matters).

Since I find that Magistrate Judge Watanabe lacked jurisdiction to rule on Defendants' Motion for Protective Order, the next question is the remedy. Rulings made on issues that a court is divested of jurisdiction on are null and void. On the other hand, I do not believe I have jurisdiction to rule on the issue either. I find that the better course at this juncture is to suspend the May 28, 2008 Order of Magistrate Judge Watanabe during the pendency of the appeal. Plaintiff's Objections to the May 28, 2008 Order will be denied without prejudice and without a ruling on the merits.

Finally, as to the status of the privileged documents at issue in the May 28, 2008 Order, I was informed at the hearing that the privileged documents at issue were returned by Plaintiff to Defendants to comply with the May 28, 2008 Order. Defendants are directed to retain the documents in a segregated file and not to destroy them

pending further Order of the Court. Defendants are further directed to provide to Plaintiff a copy of any documents which are implicated in the appeal so that Plaintiff can properly defend his position on appeal.

In conclusion, it is

ORDERED that Magistrate Judge Watanabe's Order of May 28, 2008, granting Defendants' Motion for Protective Order is **SUSPENDED** during the pendency of the appeal. It is

FURTHER ORDERED that Plaintiff's FED. R. CIV. P. 72 Objections to Magistrate Judge's May 28, 2008 Order Granting Defendants' Motion for Protective Order (filed June 10, 2008) are **DENIED WITHOUT PREJUDICE**.

Dated: September 16, 2008

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            U. S. District Judge